Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| **MIOSOTIS CAMACHO CRUZ** RICHARD GUZMÁN NEGRÓN  PETICIONARIA  V.  EX PARTE | TA2026CE00069 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón, Sala de Relaciones de Familia y Asuntos de Menores  Caso Núm. BY2022RF02008  Sobre: Custodia, Patria Potestad y Alimentos |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 17 de febrero de 2026

## I.

El 13 de enero de 2026, la señora Miosotis Camacho Cruz (señora Camacho Cruz o peticionaria) presentó, por derecho propio, un recurso de *Certiorari* en el que nos solicitó que revoquemos varias determinaciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido), el 8, 11, 12, 19 y 22 de diciembre de 2025. Tras auscultar nuestra jurisdicción para intervenir, constatamos que únicamente estamos en posición de revisar la *Resolución* emitida el 19 de diciembre de 2025 y la *Resolución* emitida el 22 de diciembre de 2025.[1] Mediante la *Resolución* del 19 de diciembre de 2025, el TPI estimó que la peticionaria no tiene capacidad de auto representarse por lo que le requirió contar con representación legal, so pena de sanciones.

---

[1] Véase entradas núm. 106 y 109 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

Mediante la *Resolución* del 22 de diciembre de 2025, el foro primario determinó que la solicitud de inhibición que presentó la peticionaria no cumple con la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.2, por lo que la declaró No Ha Lugar por insuficiencia y refirió el asunto a la Jueza Administradora Auxiliar para el trámite que estime prudente.

El 20 de enero de 2025, emitimos una Resolución en la que le concedimos hasta el 30 de enero de 2026 al recurrido para exponer su posición sobre los méritos el recurso.[2]

Transcurrido el término concedido a la parte recurrida para que se expresara, sin que lo hiciera, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales más relevantes a su atención.

**II.**

El caso de marras tuvo su génesis el 3 de noviembre de 2022, cuando las partes conjuntamente presentaron, para su aprobación judicial, una *Estipulación* sobre custodia, patria potestad y relaciones paternofiliales ante el TPI.[3] El 7 de noviembre de 2022, el foro primario emitió una *Sentencia* aprobando la referida *Estipulación.*[4]

Tras varios incidentes procesales innecesarios de pormenorizar, el 23 de octubre de 2025, el TPI emitió una *Orden* concediéndole un término de quince (15) días a la peticionaria para anunciar representación legal, so pena de sanciones.[5] Determinó que la señora Camacho Cruz ha demostrado al tribunal que no cuenta con las capacidades para ejercer su propia representación legal en el caso. Consignó que le designó una abogada de oficio, pero que, por diferencias irreconciliables, esta peticionó ser relevada de

---

[2] Véase entrada núm. 5 en el expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Véase entrada núm. 1 en el expediente digital del caso en el SUMAC-TPI.
[4] Íd., entrada núm. 4.
[5] Íd., entrada núm. 77.

la representación legal del caso y así se le concedió. Por lo que, le concedió quince (15) días a la peticionaria para anunciar su representación legal.

El 27 de octubre de 2025, la peticionaria, por derecho propio, presentó una *Moción* en solicitud para auto representarse, ante el relevo de representación legal de la abogada de oficio.[6]

Ese mismo día, el Tribunal emitió una *Resolución* apercibiendo a la peticionaria que auto representarse requiere que la parte conozca las reglas que gobiernan los procedimientos ante el tribunal y que cumpla con todo el rigor del proceso.[7]

Tras varios incidentes procesales, el 18 de diciembre de 2025, la señora Camacho Cruz, por derecho propio, presentó una *Moción en Solicitud para que se dicte Orden en Sentencia sobre Acuerdos Alcanzados en Estipulación.*[8] Alegó que no fue notificada de ninguna Sentencia emitida en el año 2025, lo que, a su juicio, puede comprometer la ejecución y ejercicio de las funciones adjudicativas del TPI. Adujo que procede que se emita una sentencia conforme a los procedimientos de revisión de pensión alimentaria correspondientes al año 2025. En síntesis, solicitó que se emita un dictamen acogiendo los acuerdos dispuestos en una estipulación presentada el 24 de noviembre de 2025 y que se informe si existe algún caso independiente o expediente judicial distinto al caso de epígrafe en que se hayan atendido asuntos no relacionados a alimentos entre las partes.

El 19 de diciembre de 2025, el TPI emitió una *Resolución* mediante la cual señaló que, en el caso de epígrafe la *Sentencia* se emitió el 7 de noviembre de 2022 y, que si existe un caso independiente, como la peticionaria alega, debe ser de su propio

---

[6] Íd., entrada núm. 78.
[7] Íd., entrada núm. 81.
[8] Íd., entrada núm. 103.

conocimiento.[9] El foro primario estimó que la señora Camacho Cruz no tiene la capacidad para representarse a sí misma, sino que requiere contar con representación legal. Por lo cual, le concedió un término de treinta (30) días para anunciar su representación legal.

El 22 de diciembre de 2025, la señora Camacho Cruz presentó, por derecho propio, una *Moción en Solicitud de Auto Inhibitorio y Reconsideración de Resolución Final sobre Acuerdos Alcanzados en Estipulación sometida en año 2025.*[10] Alegó que existen circunstancias objetivas que razonablemente pueden generar duda sobre la imparcialidad o su apariencia en la tramitación del caso por lo que solicitó la inhibición de la Jueza Hon. Enid M. Gavilán Pérez. Aludió a que, en virtud de la Regla 36.4 de Procedimiento Civil, *supra,* R. 36.4, el TPI no ha concedido ni adjudicado remedio alguno respecto a varias solicitudes presentadas. Sostuvo que permanece pendiente una determinación judicial clara, expresa y final que disponga de forma definitiva sobre los remedios solicitados. A su juicio, es una situación que incide directamente en el debido proceso de ley y prolonga innecesariamente la adjudicación del caso.

La peticionaria sostuvo que, conforme a la referida Regla 36.4 de Procedimiento Civil, *supra,* existen controversias sustanciales entre las partes sin resolver, las cuales deberían ser atendidas conforme a derecho. Por las razones aludidas, solicitó un "auto inhibitorio" de modo que el caso sea asignado a otro juez para la continuación del tramite procesal y que considere la moción de reconsideración para dictar sentencia o resolución final conforme a los acuerdos alcanzados en la estipulación presentada en el año 2025, garantizando el debido proceso de ley e imparcialidad judicial.

---

[9] Íd., entrada núm. 106.
[10] Íd., entrada núm. 108.

El 22 de diciembre de 2025, el TPI emitió una *Resolución* suscrita por la Jueza Hon. Enid M. Gavilán Pérez.[11] En esta, estableció el marco legal que establece los elementos y las causas para solicitar la inhibición de un juez o jueza. En cuanto al trámite procesal del caso, aludió a la designación que realizó de una abogada de oficio para la peticionaria, por determinar que ésta no cuenta con los conocimientos mínimos necesarios para defender sus intereses, cumplir con las reglas procesales y presentar el derecho sustantivo aplicable. Mencionó que dicha abogada renunció por diferencias irreconciliables con la peticionaria. Asimismo, indicó que ha ilustrado y orientado a la peticionaria sobre las leyes o reglas del procedimiento judicial, sin estar obligada a hacerlo.

En cuanto a la petición de inhibición, determinó que la solicitud no cumple con la Regla 63.2 de Procedimiento Civil, *supra*, por lo que la declaró No Ha Lugar. Determinó que la misma no está basada en hechos que arrojen duda razonable sobre la imparcialidad de la jueza asignada al caso, en la mente de una persona razonable. Consecuentemente, refirió el asunto a la Jueza Administradora Auxiliar para el trámite correspondiente.

Inconforme con dicha determinación, el 13 de enero de 2025, la peticionaria acudió ante este Tribunal de Apelaciones, por derecho propio, mediante el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

> PRIMERO: Erró el Tribunal de Primera Instancia al no adjudicar mediante Sentencia o Resolución Final los asuntos ajenos a alimentos consignados en Estipulación, en contravención a lo dispuesto en el inciso 6 de la Resolución de Alimentos.
>
> SEGUNDO: Erró el Tribunal de Primera Instancia al adjudicar el tiempo, modo y lugar de las relaciones filiales y el derecho de visita del padre no custodio en decreto judicial, pese a existir acuerdos entre los progenitores consignados en

---

[11] Íd., entrada núm. 109.

Estipulación, aún pendientes de adjudicación conforme al debido proceso de ley, mediante Sentencia o Resolución.

TERCERO: Erró el Tribunal de Primera Instancia al no señalar vista presencial o mediante videoconferencia para atender asuntos pendientes, pese a los desacuerdos debidamente planteados por las partes mediante mociones.

CUARTO: Erró el Tribunal de Primera Instancia al consignar expresiones en discreción judicial absoluta, que cuestiona mi capacidad para comprender los procedimientos judiciales, sin prueba alguna que sustente tal determinación.

QUINTO: Erró el Tribunal de Primera Instancia al denegar la solicitud de auto inhibitorio, pese a la existencia de dudas razonables debidamente fundamentadas sobre su imparcialidad y oportunamente planteadas mediante moción previa, declarando no ha lugar por insuficiencia.

Alegó que persisten asuntos no alimentarios, consignados en la estipulación, faltos de adjudicación, impidiendo una solución conforme a derecho. Adujo que dichos desacuerdos exigen la celebración de una vista para adjudicar a las partes la custodia, patria potestad y relaciones filiales. Argumentó que hubo falta de diligencia por el foro primario e incumplimientos con el deber ético judicial.

La peticionaria arguyó que, la Jueza Hon. Enid Gavilán Pérez tenía el deber de actuar con diligencia y cuidado en el manejo de los asuntos judiciales, con el deber de señalar vista expedita para resolver asuntos pendientes que surgen de mociones sometidas ante su consideración. Manifestó que las determinaciones del foro primario evidencian actuaciones en prejuicio al consignar expresiones como "Nada que proveer, la parte cuenta con representación legal"; "En el caso de autos se dictó Sentencia, por lo cual no procede el petitorio a esos efectos", entre otras. Por último, sostuvo que la denegatoria a la solicitud "auto inhibitorio" fue prematura y priva a la peticionaria de un foro imparcial. Manifestó que dicha actuación perjudicó la confianza en la administración de

la justicia, por un posible panorama de abuso discrecional, que amerita nuestra intervención.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *supra*, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[12]

---

[12] Esta Regla dispone lo siguiente:
> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***Citibank et al. v. ACBI et al.***, *supra*; ***Medina Nazario v. McNeil Healthcare LLC***, *supra*, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001); ***Bco. Popular de P.R. v. Mun. de Aguadilla***, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". ***Citibank et al. v. ACBI et al.***, *supra*, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó

---

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". ***Citibank et al. v. ACBI et al.***, *supra*, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

**B.**

La Regla 63 de Procedimiento Civil, *supra,* rige el marco procesal y sustantivo concerniente a la inhibición o recusación de los jueces y de las juezas. También está regulado por el Canon 20 de Ética Judicial. 4 LPRA Ap. IV-B. En particular, la Regla 63.1 de Procedimiento Civil, *supra,* R. 63.1, dispone los casos en que se deberá inhibir a un juez, ya sea *motu proprio* o por la recusación de una parte, siendo estos los escenarios:

(a) por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito, o por haber prejuzgado el caso;

(b) por tener interés personal o económico en el resultado del caso;

(c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el o la fiscal, procurador o procuradora de asuntos de familia, defensor o defensora judicial, procurador o procuradora de menores o cualquiera de las partes o sus representantes legales en un procedimiento civil;

(d) por existir una relación de amistad de tal naturaleza entre el juez y cualquiera de las partes, sus abogados, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

(e) por haber sido abogado o abogada, o asesor o asesora de cualquiera de las partes o de sus abogados o abogadas en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado o magistrada a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(h) cuando en calidad de funcionario o funcionaria que desempeña un empleo público, haya participado como abogado o abogada, asesor o asesora, o testigo esencial del caso en controversia;

(i) cuando uno de los abogados o de las abogadas de las partes sea abogado o abogada de los jueces o juezas que han de resolver la controversia ante su consideración, o lo haya sido durante los últimos tres años, o

(j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

De otra parte, la Regla 63.2 de Procedimiento Civil, *supra*, dispone lo relativo a la solicitud de inhibición o recusación y el procedimiento de su evaluación. Específicamente, establece lo siguiente:

a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 aplicable, en su defecto, la razón específica

para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

c)    Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

d)    Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación. (Énfasis suplido).

Dichas exigencias obedecen a serias consideraciones de política pública, ya que la inhibición pone en tela de juicio la imparcialidad en la adjudicación de una controversia, elemento esencial de la Justicia. *Marti Soler v. Gallardo Álvarez*, 170 DPR 1, 9 (2007). No se trata de meros requerimientos superfluos o tecnicismos triviales de los cuales se puede prescindir al antojo. Íd.

En los casos en que la solicitud de inhibición o recusación se fundamente en parcialidad o prejuicio, la imputación "debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revisten sustancialidad". *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018); *Ruiz v. Pepsico PR, Inc.,* 148 DPR 586, 588 (1999).  En estos casos, se debe analizar la totalidad de las circunstancias a la luz de la prueba presentada. *Ruiz v. Pepsico P.R., Inc.,* supra, pág. 589. El mero hecho de que las acciones de un juez generen incomodidad personal en una persona litigante no es fundamento para que se inhiba un juez. *Ruiz v. Pepsico PR, Inc.,* supra, pág. 590.

**IV.**

Mediante el presente recurso, la peticionaria impugna varias resoluciones emitidas por el foro primario, relacionadas con mociones que esta aduce que presentó al amparo de la Regla 36.4 de Procedimiento Civil, *supra*.

Es menester consignar que el 22 de enero de 2026 la juez asignada a resolver la solicitud de inhibición radicada por la peticionaria, denegó la misma. En su consecuencia, devolvió el caso a la juez asignada originalmente a atender el mismo.

De umbral, debemos aclarar que la Regla 36.4 de Procedimiento Civil, *supra*, versa sobre pleitos no decididos en virtud de una moción en solicitud de sentencia sumaria. Lo que significa que, no se trata de casos en que no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción. Escenario que no se da en el presente caso. Según surge del expediente ante nos, peticionaria presentó una moción sobre revisión de alimentos. De ahí que el TPI ha emitido diversos dictámenes relacionados al trámite de los asuntos que habrá de atender sobre dicho tema.

Sobre el primer, segundo y tercer señalamiento de error, tras examinar el expediente, determinamos que carecemos de jurisdicción para atenderlos por la presentación tardía de la revisión de las resoluciones concernientes a estos. El recurso fue presentado el **13 de enero de 2025**, transcurrido el término jurisdiccional de treinta (30) días para revisar los dictámenes del **8, 11 y 12 de diciembre de 2025**. Así las cosas, determinamos que solo estamos en posición de evaluar el cuarto y quinto señalamiento de error.

En cuanto al quinto señalamiento de error, particularmente, cabe mencionar que la figura jurídica que utiliza la peticionaria no es la correcta. Para solicitar la inhibición de un juez o jueza deberá presentar una moción al amparo de la Regla 63 de Procedimiento

Civil, *supra.* Por lo que no procede la expedición de un auto inhibitorio en contra de la Jueza Hon. Enid Gavilán Pérez.

Aun así, el foro primario atendió la solicitud como una de inhibición y la evaluó conforme a la Regla 63 de Procedimiento Civil, *supra.* No obstante, determinó que dicha solicitud no cumplía con los criterios de la Regla 63.2 de Procedimiento Civil, *supra.* La Jueza Hon. Enid M. Gavilán Pérez, determinó que la solicitud era insuficiente por lo que la declaró No Ha Lugar. En síntesis, la juzgadora concluyó que, la solicitud no estaba basada en hechos que arrojen duda razonable sobre su imparcialidad, en la mente de una persona razonable. Dicha determinación fue refrendada por la jueza asignada a atender la solicitud de la peticionaria, Hon. Begoña I. De Jesus Meléndez.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos ejercer nuestra función revisora discrecional e intervenir con la determinación del TPI del 22 de diciembre de 2025, en esta etapa de los procedimientos. La determinación del foro primario fue esencialmente correcta en derecho; no avistamos de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción.

En síntesis, la peticionaria argumenta respecto a los errores señalados que, las denegatorias a sus mociones, emitidas por la Jueza Hon. Enid Gavilán Pérez, incurren en un patrón de falta de diligencia y plantean duda razonable en torno al desempeño judicial en el caso. A su juicio, el TPI incumplió al "hacer caso omiso en dictar sentencia o resolución final, señalar vista expedit[a] (solicitada a su consideración); a base de adjudicación carente de ponderación argumentativa y prohibiendo el derecho a esta parte de

ser oída". Lo que demuestra inconformidad de la peticionaria con el manejo del caso por el TPI.

De otra parte, coincidimos con el foro primario en que resulta ineludible que la peticionaria comparezca al pleito por medio de representación legal. Lo anterior, dado a la confusión que muestra de términos legales y reglas procesales que impiden una adecuada tramitación del caso, en aras de dispensar cumplida justicia a las partes. Sabido es que, las partes que comparecen por derecho propio no están exentas del cumplimiento de las reglas procesales, puesto que el carácter de su comparecencia, por sí sola, no justifica dicho incumplimiento. *Febles v. Romar*, 159 DPR 714, 722 (2003).

Tras evaluar la totalidad del expediente, constatamos que el foro primario le concedió a la peticionaria varias oportunidades para representarse por derecho propio, le designó una abogada de oficio e, incluso, le aclaró términos legales que la peticionaria argumentaba mediante sus mociones. Respecto a la aludida sentencia que la peticionaria alegó no tener conocimiento, el TPI le aclaró que se trataba de la *Sentencia* del 7 de noviembre de 2022 que se emitió al acoger las estipulaciones y no de un pleito independiente o de una sentencia de la cual la peticionaria no haya sido notificada. En el presente caso, no percibimos indicios de perjuicio o parcialidad alguna mediante la adjudicación de las controversias por la jueza a cargo del caso. Por ello, resolvemos que no procede la inhibición solicitada.

El foro primario correctamente resolvió que el escrito no cumple con lo que dispone la Regla 63.2 de Procedimiento Civil, *supra*. Además, concluimos que las imputaciones que hace la peticionaria, de por sí, no son fundamento suficiente para justificar una solicitud de inhibición. Adviértase que, una alegación de prejuicio no puede cimentarse en cuestiones "judiciales". *Ruiz v. PepsiCo PR*, supra, págs. 588-599.

En virtud de todo lo anterior, corresponde confirmar la resolución recurrida. Resulta palmario que, la resolución recurrida se emitió conforme a derecho.

**V.**

Por los fundamentos pormenorizados, se expide el auto de *certiorari* y se confirma la *Resolución* recurrida, mediante la cual se denegó la inhibición solicitada de la Jueza Hon. Enid M. Gavilán Pérez. Se devuelve el caso al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda. Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones